**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEX ULLOA, | |
| Petitioner, | Civil Action No. 23-23018 (KMW) |
| v. | **OPINION** |
| WARDEN OF FCI FORT DIX, | |
| Respondent. | |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Alex Ulloa's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge a prison disciplinary sanction. Following an order to answer, the Government filed a response to the petition (ECF No. 11), to which Petitioner did not reply. (ECF Docket Sheet.) For the reasons expressed below, Petitioner's habeas petition is denied.

## I.  BACKGROUND

Petitioner is a convicted federal prisoner currently imprisoned in FCI Fort Dix. The events of Petitioner's habeas petition, however, focus on an event which occurred in September 2022 while he was housed at FCI Schuykill in Pennsylvania. (ECF No. 11-1 at 3; ECF No. 1 at 6-7; ECF No. 1-2 at 3.) In the early morning hours of September 9, 2022, while conducting rounds at the Camp 1 facility, a prison officer "observed [Petition] sitting in the common area on the top tier . . . actively using a Black Samsung phone." (ECF No. 11-2 at 7.) The officer ordered Plaintiff to

surrender the phone, which he did. (*Id.*) The officer therefore charged petitioner with the greatest severity offense of possessing a hazardous tool in the form of the cell phone. (*Id.*) These institutional charges, however, were delayed as this event also qualified Petitioner for further criminal charges and the matter was referred to the office of the United States Attorney. (*Id.* at 21.) The BOP deferred further action on the institutional charge until Petitioner's criminal charges resolved pursuant to relevant BOP policies. (*Id.*; ECF No. 11 at 8.) In January 2023, Petitioner pled guilty to a one count information, and was ultimately sentenced to a one-month consecutive sentence for his possession of the cell phone. (ECF No. 11 at 4.)

On March 7, 2023, the BOP received notice of Petitioner's additional sentence and recalculated his release date. (ECF No. 11-1 at 2.) As Petitioner's criminal charges had concluded, the BOP reissued the incident report from the September 2022 phone incident, investigated that incident, and recharged Petitioner with possession of a dangerous tool. (ECF No. 11-2 at 8-14.) On March 9, 2023, the report and charges were delivered to Petitioner, and he was thereafter informed of his rights in relation to those charges. (*Id.* at 14-15.) A prison disciplinary committee thereafter referred the charges to a Disciplinary Hearing Officer ("DHO") for a hearing. (*Id.* at 15-16; 18-19.) On March 14, 2023, the warden of the prison in which Petitioner was then housed issued a document informing Petitioner why his charges had been delayed beyond five days – specifically the criminal referral of charges. (*Id.* at 21.)

On March 16, 2023, Petitioner appeared before the DHO for his hearing. (*Id.* at 31.) Petitioner was informed of his rights, waived a staff representative, did not request witnesses, and was permitted to submit his statement in his defense. (*Id.* at 31-34.) Although Petitioner contended his rights had been violated, including by the delay, Petitioner admitted the delay did not hinder his ability to defend himself at his hearing. (*Id.*) After considering the facts, the photographic and physical evidence, and Petitioner's statements, the DHO found Petitioner guilty

of the charged offense and imposed punishment including the loss of 41 days of good conduct time. (*Id.*) Petitioner appealed, and BOP staff upheld the charges and imposed punishment. (*Id.* at 39-44.) Petitioner now challenges his disciplinary proceeding, arguing chiefly that he was denied Due Process when he was issued charges in March for an event which occurred the prior September, which he believes violates standard BOP policy. (ECF No. 1.)

II.    **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

III.    **DISCUSSION**

In his habeas petition, Petitioner argues that his disciplinary charges should be overturned as he was charged in March 2023, and the Warden's approval of the late charges in light of his criminal prosecution was untimely under BOP policies. Because federal prisoners have a statutorily created liberty interest in good time credits they receive during their imprisonment, prisoners do have Due Process rights which may not be impugned during prison disciplinary hearings resulting in the loss of such credits. *Campbell v. Warden Allenwood USP*, 808 F. App'x 70, 72 (3d Cir. 2020) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Those rights include at least twenty-four hours advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, assistance from an inmate representative if the charges are complex or the petitioner illiterate, and a written decision explaining the evidence relied upon and

3

the reasons for the disciplinary action. *Id.*; *See also Wolff*, 418 U.S. at 563-67. Technical errors, such as failure to meet BOP procedures, however, will not provide a basis for habeas relief, and any alleged denial of Due Process will not suffice to overturn a disciplinary proceeding unless those errors were, in fact, prejudicial. *See Millhouse v. Bledsoe*, 458 F. App'x 200, 203 (3d Cir. 2012) (citing *Wilson v. Ashcroft*, 350 F.3d 377, 380-81 (3d Cir. 2003); *see also Obiegu v. Werlinger*, 488 F. App'x 585, 586 (3d Cir. 2012). Where a prisoner's rights have been respected, a prison disciplinary finding will stand on habeas review so long as it is supported by "some evidence in the record." *Campbell*, 808 F. App'x at 72 (quoting *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)). This standard "is minimal and 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence." *Id.*(quoting *Hill*, 472 U.S. at 455).

Here, Petitioner essentially argues that the timing of his reissued charges was suspect under applicable BOP rules because the warden did not make his decision to permit the late charges until after the charges were issued, and because the charges were in Petitioner's mind too late in time to be proper. However, tardiness of institutional charges is generally not a Due Process violation so long as proper notice of the petitioner's rights is provided in accordance with *Wolff*, especially where there is a legitimate reason for the delay. *See Barner v. Williamson*, 233 F. App'x 197, 199 (3d Cir. 2007.) Here, there was ample reason for delay – specifically the BOP's deferral of its own charges while Petitioner's criminal proceedings were conducted and finalized. The delay Petitioner challenges, even if Petitioner could show it improper under BOP procedures, does not amount to a Due Process violation. The Court additionally notes that Petitioner himself assured the DHO that the delay did not impugn his ability to defend against the charges, and likewise fails in any way to show how he was prejudiced in this habeas matter. That lack of prejudice is fatal to

his ability to challenge the DHO's findings on this basis. *Millhouse*, 458 F. App'x at 203; *Obiegu*, 488 F. App'x at 586.

As Petitioner has not otherwise shown that his rights were violated, and the record indicates that the BOP comported with the requirements of *Wolff* including notice of the charges in writing, notice of Petitioner's rights, the opportunity to request a representative and witnesses, and the right to present evidence in his defense, Petitioner has not shown that his Due Process rights were violated. The DHO's findings will therefore stand so long as there is some evidence in the record supporting the charges. *Campbell*, 808 F. App'x at 72. The record of this matter contains ample evidentiary support – the report of the officer who discovered Petitioner with the phone, photographic and physical evidence of the recovered phone, and even Petitioner's own guilty plea in criminal charges based on the same incident. Because the DHO's conclusion is supported by some evidence, Petitioner's challenge to it fails, and his habeas petition must be denied.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED.** An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

5